UNITED STATES of America,
Plaintiff—Appellee,

v.

T.B.M., INC., Defendant—Appellant.

No. 02–16846.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Decided Nov. 17, 2003.

Michal Tingle, Esq., Carolyn G. Mark, Esq., Elizabeth I. Hack, Esq., U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

Leonard C. Herr, Esq., Dooley & Herr, LLP, Visalia, CA, for Defendant–Appellant.

Before: THOMPSON, TROTT, and CALLAHAN, Circuit Judges.

### MEMORANDUM *

T.B.M., Inc appeals the district court's decision enforcing its purported settlement agreement with the United States without first holding an evidentiary hearing. T.B.M. asserts that final written authorization of certain Department of Justice personnel was a condition precedent to formation.

Under *Callie v. Near,* "the district court may enforce only *complete* settlement agreements. Where material facts concerning the *existence* or *terms* of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." 829 F.2d 888, 890 (9th Cir.1987) (emphasis in original) (internal citations omitted).

Here, T.B.M. requested a hearing to address the factual issue of whether final written execution of the agreement by the Department of Justice was a condition of formation. The district court held no hearing on this issue before it granted the government's motion to enforce the settlement agreement.

This contravenes *Callie,* because "[w]hether the parties *intended* only to be bound upon the execution of a written, signed agreement is a factual issue," one

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that if disputed, entitles the parties to an evidentiary hearing. *Id.* at 890–91. On the record before us, it is unclear whether or not the government intended to be bound before the last signature was placed upon the agreement. As such, it is necessary that the record be more fully developed before the decision whether to enforce the agreement can be made.

Because an appropriate exercise of discretion required an evidentiary hearing to resolve the dispute of fact regarding whether or not final written authorization was required, we vacate the district court's order and remand the case for an evidentiary hearing.

VACATED and REMANDED